# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN ANGLE, | ) | |
|     Plaintiff, | ) | Civil Action No. 13-215Erie |
| | ) | |
| v. | ) | |
| | ) | |
| CO1 DICKEY, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

M.J. Susan Paradise Baxter

    Plaintiff Bryan Angle, a prisoner incarcerated in the State Correctional Institution at Forest ("SCI-Forest"), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Dickey, Wise, Bell and Burkett, correctional officers at SCI-Forest. In his *pro se* complaint, Plaintiff claims that Defendants used excessive force against him on August 15, 2012, in violation of his rights under the Eighth Amendment. Plaintiff does not allege any injury as a result of the incident.[2]

    In response to the complaint, Defendants have filed a motion for summary judgment. ECF No. 25. Plaintiff has filed a brief in opposition. ECF No. 29. This matter is fully brief and is ripe for disposition by this Court.

## Standards of Review

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

[2] In his opposition brief, Plaintiff mentions a swollen eye.

1

1. ***Pro Se* Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

2. **Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted

when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting F.R.Civ.P. 56. However, "if there is a chance that a reasonable factfinder would not accept a moving party's necessary propositions of fact, pre-trial judgment cannot be granted. Specious objections will not, of course, defeat a motion for summary judgment but real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof, will not." El v. Se. Pa. Transp. Auth., 479 F.3d 232, 238 (3d Cir. 2007).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, ... the burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere

3

pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue."); Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006) ("In this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument.").

In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

However, when considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson, 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249.

4

**Plaintiff's Claims**

Plaintiff alleges that upon being returned from Medical on August 15, 2012, he saw Defendant Burkett performing a cell search. Plaintiff alleges:

> [Plaintiff] asked to speak to a Lieutenant about this. Defendant Burkett said 'since you wanna complaint to the LT, I think we should do a more thorough search.' The officers then pulled me over to the steps and proceeded to preform [sic] an authorized/illegal 'more thorough' cell search. I then asked Defendant Dickey if I would be able to speak with the Lieutenant. He replied in the negative. Someone started messing with the cuffs on my wrists attempting to tighten them. I pulled away and Defendant Dickey proceeded to slam me face first on the floor. Defendants Bell, Wise and Burkett then piled on top of me and proceeded to assult [sic] me. Defendant Dickey repeatedly bounced his weight up and down on my face/head. Defendant Bell smacked me as he was coming down on top of me. Defendant Wise punched me and hit me with the handle of a knight [sic] stick in the mouth and face. The Lieutenant was contacted and a hand held camera was brought. I was lifted up and placed back in my cell. This is a very common practice all accrossed [sic] the P.A. Department of Corrections.

ECF No. 8, page 2. In his opposition brief, Plaintiff maintains that he was "punched, slapped and had his head repeatedly banged off of the floor and hit several times in the mouth and face with a baton while Plaintiff was hand cuffed and not resisting …" ECF No. 29.

**Excessive Force Analysis**

"In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) 'the need for the application of force;' (2) 'the relationship between the need and the amount of force that was used;' (3) 'the extent of injury inflicted;' (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them;' and (5) 'any efforts made to temper the severity of a forceful response.'" Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) quoting Whitley v. Albers, 475 U.S. 312, 321 (1986). The central question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Moreover, "a showing of 'significant' or 'serious' injury is not necessary to make an Eighth Amendment claim." Brooks, 204 F.3d at 107, quoting Hudson, 503 U.S. at 8.

Here, in defense of Plaintiff's excessive force claim, Defendants argue that the video evidence conclusively proves that "at no time was excessive force used against Plaintiff." ECF No. 26, page 6. After a complete screening of the entire video evidence of record, Defendants' view of its conclusiveness is upheld. There is no genuine issue of fact to justify continuing the case to trial as not only was no excessive force used on Plaintiff despite his attempt to lunge away from guards, his claim of a swollen eye (as noted in his opposition brief, but not alleged in his complaint) is belied by the videotape. See Scott v. Harris, 550 U.S. 372, 380-81 (2007) (summary judgment is appropriate when videotape evidence refutes the complainant's version of events). The videotape evidence proves that no excessive force was used. Plaintiff lunged away from the guards and he was quickly subdued. See ECF No. 28-2, Video recordings.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN ANGLE, | ) | |
|     Plaintiff, | ) | Civil Action No. 13-215Erie |
| | ) | |
| v. | ) | |
| | ) | |
| CO1 DICKEY, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

# O R D E R

AND NOW, this 16th day of December, 2014;

IT IS HEREBY ORDERED that Defendants' motion for summary judgment [ECF No. 25] is GRANTED. The Clerk of Courts is directed to close this case.

                                                /s/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge